**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1545**

CHANG RONG JIANG,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: January 28, 2009        Decided: March 9, 2009

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Thomas V. Massucci, New York, New York, for Petitioner. Gregory G. Katsas, Assistant Attorney General, Daniel E. Goldman, Senior Litigation Counsel, Rebecca Hoffberg, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chang Rong Jiang, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture (the "CAT").

Jiang first challenges the determination that he failed to establish his eligibility for asylum. Jiang asserts error in finding him not credible, in failing to consider critical corroborating evidence, and in otherwise concluding that his request for asylum was not supported by substantial evidence. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Jiang fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that he seeks.

Additionally, we uphold the denial of Jiang's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is

2

ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Jiang failed to show that he is eligible for asylum, he cannot meet the higher standard for withholding of removal.

Finally, Jiang seeks review of the denial of his request for protection under the CAT, again challenging the immigration judge's reliance on an adverse credibility determination. Where — as here — an adverse credibility determination defeats both an asylum claim and a CAT claim, we have required an applicant to present other evidence to support the CAT claim before granting a petition for review. See Lin v. Mukasey, 517 F.3d 685, 696 n.15 (4th Cir. 2008); Lin-Jian v. Gonzales, 489 F.3d 182, 193 (4th Cir. 2007); Camara v. Ashcroft, 378 F.3d 361, 372 (4th Cir. 2004). Because Jiang did not submit sufficient evidence to support his CAT claim, he is not entitled to relief thereon.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

3